

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 28, 1947

Hon. L. A. Woods
State Superintendent
State Department of Education
Austin, Texas

Southwestern Broadcasting Co. v.
Oil Center Broadcasting Co.
210 SW 2d 230

Attention: Hon. T. M. Trimble

Dear Sir:

Opinion No. V-217

Re: Legality of contract be-
tween Board of Trustees
of an independent school
district and a radio sta-
tion to give the latter
exclusive broadcasting
rights for football games.

Your letter requesting an opinion from this Depart-
ment is as follows:

"At the request of Mr. Murry H. Fly,
Superintendent of Schools of Odessa, Texas,
I am submitting the problems contained in
the attached letter for your consideration
and opinion."

We quote the letter from Hon. Murry H. Fly which is
attached to your request:

"Last November the Board of Trustees of
Ector County Independent School District gave
a contract to KRIG, a broadcasting station
here, to broadcast football games for the
season 1947-48. The contract was exclusive.
KOSA and KECK, two other broadcasting stations,
are contending that the Board could not give
an exclusive contract and they are contending,

that is, KOSA is, that the local school board
cannot prevent their broadcasting. The Board
has asked me to write you for an opinion, and
presently an opinion from the Attorney General
on the matter if you do not already have a
ruling from him regarding a case similar to
ours.

"Question #1. Has the Board a legal right
or was it in its legal rights to grant an exclu-
sive contract to a radio station to broadcast
football games for a period of two years?

"Question #2. Does the fact that there was
no money consideration; that is, the contract was
awarded to KRIG gratis, enter into the question?

"Question #3. Does the fact that the other
two stations were not in existence at the time
the contract was awarded enter into the question?"

School trustees are vested under our laws with broad
powers in the control and management of schools. They are
charged with the promotion of the education within their re-
spective districts and in the absence of statutory limitation,
they are vested with large discretion in the exercise of their
powers of administration. State Line School District v. Far-
well School District, 48 S.W. 616.

In the case of Royse Independent School District v.
Reinhardt, 159 S.W. 1010, Reinhardt and others were attempting
to restrain the members of the Royse Booster Club and the
Trustees of the Royse Independent School District from perform-
ing contract between said Trustees and members of the Club by
the terms of which the Trustees granted to the Club the privi-
lege of using the south end of the public school campus as a
ball ground during the period intervening between the close
of the school in the Spring and the commencement of the school
in the Fall. It was held in this case that the Board of Trus-
tees is given exclusive power of management, regulation and
control of the schools and school property within the district
and had the power to grant to the Royse Booster Club the right
to use the school's baseball field so long as said use did not
interfere with the school's activities or injure the school
property. See also: Beard v. Board of Education, 16 P. (2d)
900, and Young v. Board of Trustees, 4 P. (2d) 725.

It is recognized generally that athletic contests, inter-scholastic league meetings and other extra-curricular activities have become a necessary and intergral part of our educational system. Plans for modern schools, including the most complete gymnasiums and football stadiums, have been designed with the view of providing proper facilities for the furtherance of this program. Brooks v. Elder, 189 N.W. 284; Merriman v. School District No. 15, et al, 86 A.L.R. 1181. Modern football stadiums are now equipped with necessary and adequate radio and press facilities. The Board of Trustees being vested with the control and management of such property and having large discretion in the exercise of their power of administration of school activities, have the right by bid or otherwise to permit or refuse to permit any person to use such facilities so long as its action does not constitute a clear abuse of discretion in the exercise of its powers of administration. In order that the Board's action may not be arbitrary but for the best interest of the schools, such a contract should be let upon bids for a valuable consideration. If only one station exists or only one bids, the contract would be valid provided some benefit was provided thereby to the schools.

So far as this Department has been able to determine, this is the first time a question has been raised concerning the Board of Trustees' authority to contract with a radio station to broadcast football games of the high schools within their district. We have been unable to find any statutory limitation with reference to such contracts. Therefore, it is the opinion of this Department that the Board of Trustees of Ector County Independent School District has the authority to grant an exclusive contract to a radio station to broadcast regularly scheduled football games.

In answer to your second question, we would like to point out that it is a fundamental rule that every contract must be supported by a consideration, and a contract without any consideration is not binding upon the parties and is unenforceable. See: 10 Tex. Jur. 112 and cases cited therein. It is, therefore, our opinion that in the absence of consideration the contract is not binding upon the Board of Trustees of Ector County Independent School District. This is not to be construed as meaning the Board of Trustees does not have the power to grant an exclusive permit to the radio station, but simply that the Board of Trustees now has the power to grant the privileges to the other radio stations in the absence of consideration if it so desires. If a valuable consideration, whether cash, advertising, or any substantial benefit to the school, was given for the present contract, then it is

Hon. L. A. Woods - Page 4

binding even though other stations have since come into existence and now want the same privilege.

## SUMMARY

The Board of Trustees of Ector County Independent School District has the authority to grant an exclusive contract to a radio station to broadcast regularly scheduled football games.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *John Reeves*

John Reeves
Assistant

JR:djm

APPROVED:

*Price Daniel*

ATTORNEY GENERAL